# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-cr-20202-STA |
| ) | |
| **BRIAN McMACKIN,** ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING EMERGENCY MOTION FOR REDUCTION IN SENTENCE

Before the Court is Defendant Brian McMackin's Exigent and Emergent Motion for Reduction in Sentence (ECF No. 33) filed on December 16, 2020. Defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the First Step Act's compassionate release provision, in light of the ongoing COVID-19 pandemic. On February 8, 2010, Defendant pleaded guilty to one count of enticing a minor female to produce child pornography over a period of time when she was age 7 to age 9, a violation of 18 U.S.C. § 2251(a); and one forfeiture count for the seizure of video recording equipment Defendant used to commit the child pornography crime. The Court entered judgment on May 19, 2010, sentencing Defendant to 240 months of incarceration in the custody of the Bureau of Prisons. Defendant, BOP registration number 22905-076, is currently an inmate at FCI Bastrop in Bastrop, Texas. Defendant's projected release date is July 3, 2026.

The First Step Act authorizes courts to modify a term of imprisonment for "extraordinary and compelling reasons" that "warrant such a deduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Conley*, No. 18-5582, 2019 WL 2403230, at *2 (6th Cir. Jan. 9, 2019)

1

(describing the First Step Act's compassionate release provision as an exception to the general rule that "a district court may not reduce a defendant's sentence after imposing it") (citing *United States v. Doe*, 731 F.3d 518, 522 (6th Cir. 2013)).  Courts are permitted to act only on motion of (1) the Bureau of Prisons or (2) the defendant himself after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  Defendant states in his Motion that he presented his request to the warden at his facility and that 30 days have since passed without any response.  The Court finds that Defendant has exhausted the mandatory procedures before bringing his request to the Court.  *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).

The First Step Act then grants a sentencing court the discretion to "reduce the term of imprisonment" and replace "the unserved portion of the original term of imprisonment" with a term of supervised release.  § 3582(c)(1)(A).  The Court must first find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  § 3582(c)(1)(A)(i); *see also United States v. Kincaid*, 802 F. App'x 187 (6th Cir. 2020).[1]  The Sixth Circuit recently held that the United States Sentencing Guidelines do not contain an applicable policy statement where a motion for compassionate release is filed by the inmate, and not the Bureau of Prisons.  *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) ("[Section] 1B1.13 does not 'appl[y]' to

---

[1] The statute also permits relief in cases where "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)."  § 3582(c)(1)(A)(ii).  The Court finds that this paragraph is not relevant in Defendant's case.

cases where an imprisoned person files a motion for compassionate release."). Once those showings are made, the Court must then decide whether a reduction in sentence is consistent with the factors listed in 18 U.S.C. § 3553(a). *Id.* (citing *United States v. Ruffin*, 978 F.3d 1000, 1003–06 (6th Cir. 2020)).

The Court finds that Defendant has not shown why he is entitled to relief. More specifically, Defendant has not presented extraordinary and compelling reasons to support his request for a sentence reduction. Defendant's Motion cites the general law applicable to motions under § 3582, the Department of Justice's guidance on compassionate release, and the BOP's action plan to deal with COVID-19 in its facilities. Defendant has attached a number of exhibits to his Motion: (1) the Attorney General's March 26, 2020 memorandum on prioritizing home confinement during the pandemic, (2) the Attorney General's April 3, 2020 memorandum increasing the use of home confinement at specific BOP facilities, (3) the Attorney General's April 6, 2020 memorandum on litigating pretrial detention issues during the pandemic, (4) the declaration of Dr. Marc Stern, a former Washington state correctional official, (5) the declaration of Dr. Chris Breyer, an epidemiologist at Johns Hopkins University, and (6) a copy of the Director of BOP's annual report to Congress on compassionate release requests.

Defendant's supporting exhibits clearly demonstrate the serious risks the coronavirus poses to incarcerated individuals who suffer from particular underlying medical conditions or comorbidities. Defendant has not, however, shown why COVID-19 increases the risk to him personally. Defendant does not indicate that he suffers from any chronic health issues that might increase his risk of complications from COVID-19. The only information specific to Defendant or his personal characteristics found in the Motion is Defendant's home plan to live with his father in Humboldt, Tennessee, upon his release. While it is true that the Sentencing

Commission's policy statement, U.S.S.G. § 1B1.13, on compassionate release is not binding on the Court, the policy statement illustrates the point that the Court must make an individualized assessment of any person seeking a sentence reduction. Under § 1B1.13, the following circumstances constitute "extraordinary and compelling reasons" for relief: (1) the inmate's medical condition; (2) the inmate's age and the amount of his sentence served; (3) the needs of the inmate's spouse or minor children; and (4) other reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1. Each of these factors focuses on some characteristic personal to the inmate. Without some individualized showing to demonstrate why COVID-19 poses a particularized risk to himself, Defendant has not shown why a reduction in sentence is warranted in his case.

Defendant's concerns about his safety due to the presence of COVID-19 cases in his facility is no small thing. According to the BOP, FCI Bastrop currently has 108 confirmed, active cases of COVID-19 in its inmate population and 25 confirmed, active cases among staff members. Defendant argues that his continued confinement violates the Eighth Amendment's prohibition on cruel and unusual punishment because of inadequate medical staffing and cleaning and distancing protocols at his facility. The Court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents. While the Court takes Defendant's concerns very seriously, Defendant has not shown why the impact of COVID-19 on Defendant's conditions of confinement constitutes extraordinary and compelling grounds for compassionate release.

Therefore, Defendant's Motion is **DENIED** but without prejudice to renew the request with more detailed information about his personal health characteristics and/or if Defendant's circumstances subsequently change.

**IT IS SO ORDERED.**

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            CHIEF UNITED STATES DISTRICT JUDGE

Date:  January 8, 2021.